LEHAN, Judge.
Defendant appeals from her conviction for first degree murder. We affirm.
We disagree with defendant’s first point on appeal that there was error in the admission of substantial evidence concerning plans of defendant, Stephen Taylor, and Richard Holliman concerning another crime, to wit, a conspiracy to kill Linda Bailey, a witness in a forthcoming trial of Taylor on drug charges. Defendant contends that that evidence was inadmissible under the Williams Rule[1] in this case in which defendant was being tried for the murder of assistant state attorney Gene Berry. Defendant argues that evidence of that other crime had no purpose other than to show the propensity of defendant toward crime.
We conclude that there was ample evidence supporting the apparent conclusion of the trial court that the plot to kill Bailey was an integral part of, and intertwined with, the plot to kill Berry. There was evidence on the basis of which the trial court could have concluded that there was one conspiracy to commit two murders, that both murders were to be pursuant to a common plan, and that at least substantial activities shown by the evidence concerning the plot to kill Bailey were also a part of the same plot to kill Berry. Accordingly, the evidence was not collateral crime evidence which should have been rejected under the Williams Rule. It was evidence of one criminal conspiracy and was directly relevant to the crime charged.
As was said in Ruffin v. State, 397 So.2d 277 (Fla.1981), where the supreme court rejected a defendant’s argument that evidence of another crime should have been excluded from defendant’s first degree murder trial.
In Williams v. State, we announced a broad rule of admissibility based upon relevancy. Necessity has never been established by this Court as an essential requisite to admissibility. In Williams, we declared that any fact relevant to prove a fact in issue is admissible into evidence even though it points to a separate crime unless its admissibility is precluded by a specific rule of exclusion. We further held that evidence of collateral offenses is inadmissible if its sole relevancy is to establish bad character or propensity of the accused. We emphasized that the question of relevancy of this type of evidence should be cautiously scrutinized before it is determined to be admissible, but that nonetheless relevancy is the test. Evidence of other crimes is relevant if it casts light on the character of the crime for which the accused is being prosecuted.
397 So.2d at 279-280 (emphasis added).
So long as evidence of other crimes is relevant for any purpose the fact that it *221 is prejudicial does not make it inadmissible. All evidence that points to a defendant’s commission of a crime is prejudicial. The true test is relevancy.
Ruffin, 397 So.2d at 280, quoting from Ashley v. State, 265 So.2d 685, 694 (Fla.1972).
In our recent decision of Smith v. State, 365 So.2d 704 (Fla.1978), relying upon Ashley v. State, we recited that among the other purposes for which a collateral crime may be admitted under Williams is establishment of the entire context out of which the criminal action occurred. We said:
At trial the state’s theory was that ... the two murders occurred during one prolonged criminal episode.... From the time the parties met and conspired to commit robbery, there was an unbroken chain of circumstances relating to and flowing from the robbery. Because of the robbery two related murders occurred within a short time of one another.... The second murder is clearly a part of the context surrounding the murder for which Smith was tried. Evidence of the murder of Wagner is therefore relevant to illustrate the criminal context in which the first murder occurred.
Ruffin, 397 So.2d at 280-81 (emphasis added).
See also Antone v. State, 382 So.2d 1205, 1213 (Fla.1980), where the supreme court rejected a similar argument:
Antone maintains that we must reverse because the trial court failed to grant a mistrial following Haskew’s testimony implicating Antone in other criminal activity. Haskew’s testimony related that Antone wanted him to kill five men, three named and two unnamed.
Our view of the record establishes that the challenged testimony relating to other criminal activity occurred as part of the primary arrangements for this contract murder and was therefore relevant to show the existence of this conspiracy.
As her second point on appeal, defendant contends that there was error in the failure to suppress the in-court identification of defendant by a witness because there had been an unduly suggestive pretrial identification procedure conducted involving the witness’ identification of defendant from a photopack. We disagree. We do not conclude that the out-of-court identification procedure used was unduly suggestive to the witness. Therefore, it is unnecessary for us to address the factors referred to in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), as to when testimony growing out of unduly suggestive procedures of that kind should not be admitted.
Affirmed.
RYDER, C.J., and GRIMES, J., concur.

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).